IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DICQUANE RICHARD RENNAU,    :    Civil No. 1:26-CV-00125

        :

    Petitioner,    :

        :

    v.    :

        :

ANGELA HOOVER, *et al.*,    :

        :

    Respondents.    :    Judge Jennifer P. Wilson

## MEMORANDUM

Before the court is a petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Dicquane Richard Rennau ("Rennau").  (Doc. 1.) Because the court finds that Rennau's petition is moot, the petition will be dismissed and the pending motions will be denied as moot.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Rennau is a twenty-five-year-old native and citizen of Jamaica.  (Doc. 1, p. 3.)[1]  Rennau asserts that he entered the United States at age three and has continuously resided in the United States since that time.  (*Id.*)  In July 2013, Rennau applied for and was subsequently granted Deferred Action for Childhood Arrivals ("DACA") status, which was valid through October 16, 2015.  (Doc. 12-2, p. 5.)  Rennau applied for renewal of his DACA status in July 2015, which was granted through October 16, 2017.  (*Id.*)  In October 2017, Rennau filed another

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

DACA renewal application, which was again granted through November 17, 2019. (*Id.*)  On November 17, 2019, Rennau's DACA status expired.  (*Id.*)

In October 2020, Rennau again filed for renewal of DACA status, which was granted and valid through November 19, 2022.  (*Id.*)  Rennau's DACA status expired for a second time on November 19, 2022.  (*Id.*)  On January 2, 2024, Rennau filed another application for DACA status.  (*Id.*)  According to the records provided to the court, that application remains pending.  (*Id.*)

In 2015, Rennau applied for and was granted advance parole to allow him to travel internationally from January 10, 2016, through April 10, 2016.  (Doc. 1, p. 3; Doc. 12-6.)  The parties agree that after Rennau's international travel and upon re-entering the United States in February 2016, Rennau was classified as an "arriving alien."  (Doc. 1, p. 3; Doc. 12, p. 5.)

On January 12, 2024, Rennau was arrested and charged by the Pennsylvania State Police with two counts of theft, possessing knowingly counterfeit or altered access devices, and possession of a small amount of marijuana for personal use. (Doc. 12-2, pp. 7–12.)  On January 25, 2024, Immigration and Customs Enforcement ("ICE") encountered Rennau pursuant to the Criminal Alien Program in the Union County Jail in Lewisburg, Pennsylvania.  (*Id.* at 4.)  On October 8, 2024, Rennau was sentenced to 269 days to 23 months imprisonment with credit for time served and one year probation for identity theft in violation of 18 Pa. C.S.

§ 4120(A).  (*Id.* at 4, 13–14.)  Rennau was then released from Union County Prison into ICE custody.  (*Id.* at 15.)

Rennau was served with a notice to appear on October 9, 2024, charging him with a violation of Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA").  (Doc. 12-3, pp. 3–6.)  The same day, a notice of custody determination was served on Rennau notifying him that he would be detained pending a final administrative determination in his case.  (Doc. 12-3, p. 8.)  Rennau requested that an immigration judge review the custody determination.  (*Id.*)  On October 21, 2024, and December 9, 2025, immigration judges denied Rennau's requests for a change in custody status stating the court lacked jurisdiction.  (Doc. 1-1, pp. 7–10.)

On June 9, 2025, an immigration judge found Rennau removable under Section 212(a)(7)(A)(i)(I) of the INA and denied his applications for asylum, withholding of removal, withholding of removal under the Convention Against Torture, and cancellation of removal for nonpermanent residents.  (Doc. 12-4.)  Rennau was ordered removed to Jamaica.  (*Id.*)  Rennau appealed this decision and on January 9, 2026, the Board of Immigration Appeals ("BIA") dismissed his appeal.  (Doc. 12-5.)  The BIA held:

> An alien is statutorily precluded from demonstrating good moral character if, during the period for which good moral character must be proven, the alien "has been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred and eighty days or

more…."  *See* section 101 (f)(7) of the Act, 8 U.S.C. § 1101(f)(7). While he concedes that he was held in pretrial detention for more than 180 days, the respondent argues that period this could not be counted as the confinement since it was not "as a result of conviction" because he had been detained for 269 days before he was convicted of one count of identity theft on October 8, 2024.  (Exh. 2; Resp. Br. at 3, 10-13). For this conviction he was sentenced to 269 days to 23 months of incarceration, with credit for time served followed by one year of consecutive probation (Exh. 2; Resp. Br. at 3).

Contrary to the respondent's arguments otherwise, pre-conviction confinement which is later credited toward a convicted alien's sentence is counted in assessing whether the alien has been imprisoned for 180 days within the meaning of INA § 101(f)(7). *Aguilar v. Attorney General United States*, 107 F.4th 164 (3d Cir. 2024); *see also Matter of Valdovinos*, 18 I&N Dec. 343 (BIA 1982).  Thus where, as here, an alien has been convicted for immigration purposes and has been confined for 180 days or more, his confinement is "as a result of" the conviction. *See Johnson v. United States*, 529 U.S. 694 (2000) (prior sentence imposed after revocation of supervised release is part of penalty for original offense).  Here, the respondent was confined for well-over 180 days due to his 2024 criminal conviction. As such, he was statutorily precluded from demonstrating good moral character and the Immigration Judge properly pretermitted his cancellation application.

(*Id.* at 4–5.)  On January 27, 2026, Rennau filed a petition for review with the Third Circuit Court of Appeals.  (Doc. 12, pp. 7–8.)  The Third Circuit temporarily stayed Rennau's removal pending a decision on his motion for stay of removal. (*Id.*)  On May 28, 2026, the Third Circuit issued an order vacating its temporary administrative stay of removal, and denying Rennau's motion for stay of removal because he failed to show a likelihood of success on the merits of his petition for review.  *Rennau v. Att'y Gen. U.S.*, No. 26-1173, Doc. 12 (3d Cir. May 28, 2026).

4

While the merits of his petition is still pending before the Third Circuit, Rennau was removed to Jamaica on June 11, 2026.  (Doc. 20, p. 2–3.)

On January 20, 2026, Rennau filed a petition for writ of habeas corpus requesting release from detention against Angela Hoover, Warden of Clinton County Correctional Facility; David O'Neil, Acting Director, Philadelphia Field Office Director of ICE; Kristi Noem, Secretary of the Department of Homeland Security; and Pamela Bondi, Attorney General of the United States (collectively, "Respondents").[2]  (Doc. 1.)  The same day, Rennau filed a motion for temporary restraining order ("TRO") and motion to expedite proceedings.  (Docs. 2, 3.) Respondents filed a brief in opposition to the motion for TRO and motion to expedite, as well as a response to the habeas petition.  (Docs. 9, 12.)  Rennau timely filed a traverse on March 5, 2026, but did not file reply briefs in support of his motions.  (Doc. 15.)  Thus, the petition, motion for TRO, and motion to expedite are ripe for review.[3]

---

[2] Respondents, in a footnote, submit that the only proper respondent is Angela Hoover, the Warden of Clinton County Correctional Facility.  (Doc. 12, p. 1 n.1.)  In this case, consistent with *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004), Petitioner has named the Warden as a respondent.  *Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent.")  The court will not address an argument requesting dismissal of other Respondents when only raised in a footnote.

[3] Rennau filed several other motions in this case, which will be denied as moot.  (Docs. 16, 17, 19.)

## STANDARD OF REVIEW AND JURISDICTION

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may consider a writ of habeas corpus when an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."  Claims related to an immigration detainee's request for release from confinement must be brought as a habeas petition as these "claims fall within the 'core' of the writ of habeas corpus." *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (quoting *Nance v. Ward*, 597 U.S. 167 (2022)).  Jurisdiction for "core habeas petitions . . . lies in only one district: the district of confinement."  *Id.* (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)) (internal quotations omitted).  At the time Rennau filed his petition, he was detained at Clinton County Correctional Facility, which is within the Middle District of Pennsylvania.  *See* 28 U.S.C. § 118(b).

## DISCUSSION

In response to the petition, Respondents argue that Rennau's petition is now moot because he is no longer in ICE custody, and thus, there is no relief that this court can provide.  (Doc. 20, p. 3.)

Generally, a petition for habeas corpus becomes moot when the petitioner is released from custody before the petition has been addressed on the merits.  *DeFoy v. McCullough*, 393 F.3d 439, 441 (2005) (citing *Lane v. Williams*, 455 U.S. 624, 631 (1982)).  This is so because for a case or controversy to exist, the petitioner

6

"must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)).  Here, even if Rennau was successful on the merits of his petition, there is no action to be redressed by this court since Rennau's order of removal was executed and he is no longer detained in the United States.  For this reason, Rennau's petition is moot and will be dismissed.

## CONCLUSION

Accordingly, for the reasons stated herein, the court will dismiss Rennau's petition for writ of habeas corpus, Doc. 1, and deny his pending motions, Docs. 2, 3, 16, 17, & 19, as moot.  An order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 16, 2026